**STATE of Missouri, Respondent,**

v.

**Shawn Gene KENNER, Appellant.**

**No. 44687.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 11, 1983.

Motion for Rehearing/Transfer to Supreme Court Denied March 17, 1983.

William J. Shaw, Public Defender, Stormy B. White, Asst. Public Defender, Clayton (for appeal only) for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for respondent.

REINHARD, Judge.

Defendant was convicted of four counts of burglary second degree, violations of § 569.170, RSMo. 1978, and one count of stealing over $150.00, a violation of § 570.-080, RSMo. 1978, for which he was sentenced to sixteen years with the Department of Corrections.[1] He was acquitted of one charge of burglary second degree. He appeals. We affirm.

Defendant does not challenge the sufficiency of the evidence. The state made a strong case from which the jury could have found that defendant and David Finazzo committed burglaries of residences at 36 Dellwood, 1412 Kroeger, 2660 Holiday Hill, and 24 Trinity Lane, all in St. Louis County, Missouri. Without reciting all of the evidence, we note it included an oral and written confession by defendant and discovery of some of the items taken in the burglaries in defendant's possession at the time of his arrest.

In his first point on appeal, defendant contends the trial court erred "by allowing the state in its cross-examination of the

---

1. In Count I of Cause No. 452911, defendant was sentenced to seven years for burglary second degree; in Count II, he was sentenced to a concurrent seven year term for burglary second degree. In Cause No. 452910, he was sentenced to a consecutive seven year term for burglary second degree. In Count I of Cause No. 452909, defendant was sentenced to a consecutive two year term for burglary second degree and in Count II, a concurrent two year term for stealing over $150.00.

defendant to elicit information from the defendant concerning his drug use."

In the state's case, Officer Chapman testified that after defendant was arrested, defendant stated he had been laid off from work and he had used the money derived from the items taken in the burglaries to "live on" and to obtain drugs. On direct examination, defendant admitted that he had been laid off from his job, that he had been previously convicted of a drug offense and was on parole for that conviction at the time he was arrested. On cross-examination, defendant, without objection, was asked whether he had used drugs and admitted that he had used them in the past. The defendant was also asked, without objection, to examine state's Exhibit 27 and identify it. Defendant acknowledged that it was a photograph of him with a tourniquet on his upper arm holding a syringe up to his elbow. Defendant also was asked whether state's Exhibit 28 was a photograph of the inside of the apartment in which he was arrested showing defendant sitting beside a woman passing around a hypodermic needle. Again, no objection was made to the questions involving this exhibit, and defendant answered affirmatively. Defendant further admitted using drugs during the previous summer, but not at the time these crimes were committed in early 1981.

■ At no time did defendant object to any of the questions asked during cross-examination. No allegation of error with respect to the examination of a witness is preserved for appellate review in absence of a timely objection. *State v. Franklin,* 459 S.W.2d 314, 315–16 (Mo.1970). We may, though, review the contention to determine whether plain error occurred. Rule 29.-12(b). This requires error affecting substantial rights of the defendant which results in manifest injustice or a miscarriage of justice.

■ It is well settled that the trial courts are vested with broad discretion as to the permissible extent of cross-examination. *State v. Booker,* 631 S.W.2d 854, 857 (Mo. 1982). It is also equally well established

that proof of separate and distinct offenses is inadmissible unless it has a legitimate tendency to directly establish the defendant's guilt of the crime for which he is charged. Such evidence is logically relevant when it tends to establish motive, intent, the absence of mistake or accident, a common scheme or plan embracing the commission of two or more crimes so related to each other, or the identity of persons charged with the commission of the crime on trial. *State v. Dalton,* 587 S.W.2d 644, 645 (Mo.App.1979).

■ The state argues that in light of Officer Chapman's testimony that defendant told him he had used the proceeds of these burglaries to buy drugs, the assistant prosecuting attorney's cross-examination of defendant was logically related to establishing a motive for the burglaries. We find it unnecessary to resolve this question though, because it cannot be said that this cross-examination resulted in a manifest injustice or a miscarriage of justice, given the fact defendant's guilt was strongly established. *State v. Nylon,* 563 S.W.2d 540, 543 (Mo. App.1978).

Defendant also complains that the court erred in admitting Exhibits 27 and 28 into evidence. At the close of the case, the state offered Exhibits 27 and 28 into evidence, but defendant objected on the grounds they were irrelevant. The court ultimately overruled the objections, but refused to allow Exhibit 27 to be shown to the jury because it was inflammatory.

■ Any error in admitting these exhibits into evidence was harmless. As to Exhibit 28, defendant had already described what it portrayed without objection. Defendant's counsel made no motion to strike his testimony. Since his testimony was before the jury prior to the state's request to admit Exhibit 28 into evidence, we cannot discern any prejudice to the defendant in admitting the photograph. *State v. Robinson,* 595 S.W.2d 9, 12 (Mo.App.1979). Moreover, we note that error, which in a close case might call for a reversal, may be disregarded as harmless where the evidence of

guilt, as here, is strong. *State v. Vernor,* 522 S.W.2d 312, 316 (Mo.App.1975).

What we have said about Exhibit 28 also holds true for Exhibit 27. But, in addition, the trial court refused to allow it to be passed to the jury dissipating any possibility of prejudice to defendant.

In defendant's final point, he alleges that, "the facts and circumstances presented in the case at bar are such that the presumption of error cannot be overcome. Thus, the [defendant] was denied his right to a fair and impartial jury...." This preserves nothing for review. *State v. Ward,* 622 S.W.2d 354, 356 (Mo.App.1981). In the argument portion of the brief, the trial court errors to which defendant refers (other than the evidence of defendant's drug usage, which defendant raises again) were not raised in the motion for a new trial, preserving nothing for review. We have examined the record and conclude no plain error resulted.

Affirmed.

CRIST, J., concurs.

CRANDALL, P.J., concurs in separate opinion.

CRANDALL, Presiding Judge, concurring.

I concur with the result reached by the majority. The admission into evidence of appellant's drug usage and State's Exhibits 27 and 28 was clearly improper and constituted prejudicial error. Prejudicial error and plain error, however, are not synonymous terms. *State v. Miller,* 604 S.W.2d 702, 706 (Mo.App.1980). The power to review sua sponte for plain error is rarely exercised and properly so. *State v. Moon,* 602 S.W.2d 828, 837 (Mo.App.1980). I concur with the majority only because of the rare application of Rule 30.20 and because of the overwhelming *admissible* evidence in this case.