**Shawn Gene KENNER, Movant,**

v.

**STATE of Missouri, Respondent.**

**No. 49763.**

Missouri Court of Appeals,
Eastern District,
Division Four.

May 6, 1986.

William J. Shaw, Stormy B. White, Public Defenders, Clayton, for movant.

Lee A. Bonine, Asst. Atty. Gen., Jefferson City, for respondent.

KELLY, Judge.

Shawn Gene Kenner (hereinafter Movant) appeals from a final order dismissing his Rule 27.26 motion seeking to vacate his convictions and sentences in Cause Num-

bers 452909, 452910, and 452911 for four counts of burglary second degree and one count of stealing over $150.00.

Movant contends on appeal that the trial court erred in failing to sustain his motion to vacate, set aside or correct sentence under Rule 27.26 in that movant was denied effective assistance of counsel, thereby denying him his rights to due process and equal protection as guaranteed by the Missouri and United States Constitutions. We agree and vacate the verdict and sentence and remand for a new trial.

Movant put forth in his Rule 27.26 motion, and again on appeal fourteen grounds for his claim of ineffective assistance of counsel.[1] "In order to prevail on a claim of ineffective assistance of counsel, a defendant must show that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and that he was prejudiced thereby."

*Seales v. State,* 580 S.W.2d 733, 736[3] (Mo. banc 1979).

We need not reach the merits of all fourteen assertions of error made by movant in his motion as three of the fourteen are more than sufficient to meet the *Seales* test and to grant the Rule 27.26 motion. The three grounds which alone warrant vacating movant's verdict and sentence and remanding the case for a new trial are:

1. Without objection from attorney for movant, at trial in the presence of the jury the State introduced evidence of other burglaries for which movant was not on trial.

2. Without objection from attorney for movant at trial in the presence of the jury, the State introduced evidence of the crime of illegal drug use; a crime for which movant was not charged.

3. Without objection from attorney for movant at trial in front of the jury the State introduced highly inflammatory

---

1. Movant's grounds for his Rule 27.26 motion are as follows:

a) Without objection from attorney for movant, movant was tried on three separate cause numbers at the same time to the same jury.

b) Without objection from attorney for movant, at trial in the presence of the jury the State introduced evidence of other burglaries for which movant was not on trial.

c) Without objection from attorney for movant at trial in the presence of the jury the State introduced evidence in its case in chief that movant had a prior conviction.

d) Without objection from attorney for movant at trial in the presence of the jury, the State introduced evidence of the crime of illegal drug use; a crime for which movant was not charged.

e) Without objection from attorney for movant at trial in front of the jury the State introduced highly inflammatory and prejudicial photographs of movant using illegal drugs.

f) Without objection from attorney for movant the State introduced evidence of an oral and written confession of movant. Attorney for movant failed in any way to attempt to suppress said statements from movant.

g) Without objection from attorney for movant, at trial in the presence of the jury, the State introduced evidence of movant's parole violations.

h) Without proper objection from attorney for movant, at trial in the presence of the jury the State introduced improper rebuttal evidence.

i) Without objection from attorney for movant, at trial in the presence of the jury the State introduced improper hearsay evidence that movant had been in possession of property taken in burglaries.

j) Attorney for movant at trial failed to preserve any error in movant's trial for appellate review and thus error in said trial had to be reviewed under the much more stringent standard of plain error.

k) Attorney for movant failed to make a proper offer of proof as to the testimony of Linda Goebels in that Linda Goebels would testify to a prior inconsistent statement of Officer Cordia.

l) Attorney for movant failed to object to improper hearsay evidence introduced in the presence of the jury that a Volkswagen with license number A5Y 381, seen at a burglary, was issued to Shawn Kenner.

m) Attorney for movant failed to object to identification testimony of Officer Ronald Pike and filed no motion to suppress identification.

n) Attorney at trial failed to move to sever three counts of burglary second degree and attempted burglary second degree in Cause No. 452911 when said burglaries were not part of a common scheme or plan, evidence of one burglary did not tend to prove motive, identity of the perpetrator, intent, or absence of mistake or accident. By failing to move to sever said counts, inadmissible evidence of other crimes was presented before the jury.

and prejudicial photographs of movant using illegal drugs.

Before reaching the merits of movants contentions a short statement of facts as it pertains to the issues surrounding the Rule 27.26 motion is necessary.

Movant, on March 18, 1981, was charged by way of indictment in three separate cause numbers with five counts of burglary second degree, one count of stealing property over $150.00, and one count of attempted burglary second degree.[2]

On June 9, 1981, movant went to trial on these three cause numbers after being consolidated as a result of movant's counsel's motion.

Testimony was given at trial regarding the burglaries for which movant was charged. There was also testimony regarding burglaries for which movant was not on trial in this proceeding.

Reference was made by a police officer to a red bubble gum machine which was found at the residence where movant was arrested. This bubble gum machine was evidence of a burglary in which movant was not on trial. No objection was made by movant's counsel to this testimony. The same police officer testified to a statement made by movant regarding the bubble gum machine in which he said, "I knew I was caught when you seen the damn bubble gum machine." Again no objection was made by defense counsel. Moreover, the prosecution on cross-examination questioned movant without objection by defense counsel about the bubble gum machine and whether he knew it was stolen, and whether he had made any statements regarding it.

Evidence was produced at trial relating to movant's use of illegal drugs. This in-

formation was elicited by the prosecution upon cross-examination of movant. Movant testified regarding photographs depicting him using a hypodermic needle and tourniquet and also being in a room where a woman was passing around a needle. Defense counsel did not object to this testimony at the time it occurred, but waited to do so until after his objection to the admittance of the photographs as physical evidence was overruled and after the court convened on the following day. It was also brought out that movant's use of illegal drugs was a violation of his parole.

The jury retired to deliberate on June 11, 1981. Subsequently they returned guilty verdicts on four counts of burglary second degree and one count of stealing property over $150.00. He was acquitted of one count of burglary second degree.

He was sentenced to a total of sixteen years in the Missouri Department of Corrections.

Movant appealed his conviction on the grounds that the trial court erred in permitting movant to be cross-examined concerning his drug usage and in admitting into evidence the photographs depicting movant using drug paraphernalia. His conviction was affirmed by this court in which we noted nothing was preserved for review and no plain error resulted. *State v. Kenner*, 648 S.W.2d 552 (Mo.App.1983).

Movant filed a Rule 27.26 motion in February 1984 alleging ineffective assistance of counsel. A hearing was held and the motion was subsequently overruled. This appeal followed.

Our review of this Rule 27.26 motion is governed by *State v. Seales*, supra, and "limited to a determination of whether or

---

**2.** Movant was charged in Cause Number 452909 with one count of burglary second degree, and one count of stealing property over $150.00. He was charged in Cause Number 452910 with one count of burglary second degree, and in Cause Number 452911 with three counts of burglary second degree and one count of attempted burglary second degree. An order of nolle prosequi was entered on Count IV, the attempted burglary charge in Cause Number 452911.

Movant was also indicted in Cause Number 452908 with one count of burglary second degree and one count of stealing over $150.00. However, this cause number was not tried with the other three, therefore we need not discuss it in our opinion, except to note that the red bubble gum machine referred to throughout the trial record and this opinion was evidence of the charges in this cause number.

not the findings, conclusions and judgment of the trial court are clearly erroneous." *Leigh v. State*, 673 S.W.2d 788, 790[5] (Mo. App.1984), Rule 27.26(j). We find that the trial court's conclusions of law, that movant was provided with competent legal counsel throughout his trial by his defense attorney in Cause Numbers 452909, 452910, 452911 and that movant suffered no prejudice, to be clearly erroneous.[3]

Movant's counsel failed on several occasions to object to evidence concerning crimes for which movant was not on trial. As respondent points out the mere failure to object does not constitute ineffective assistance of counsel. *Joiner v. State*, 621 S.W.2d 336, 338[5] (Mo.App.1981). However, the general rule exists that proof of the commission of separate and distinct crimes by the defendant is not admissible, unless such proof has a legitimate tendency to establish defendant's guilt of the charge for which he was on trial. *State v. Reed*, 447 S.W.2d 533, 534[1] (Mo.1969). In order to be admissible, evidence of other crimes must tend to establish: (1) motive; (2) intent; (3) the absence of mistake or accident; (4) common scheme or plan whereby the relationship of two or more crimes is such that proof of one tends to prove the other; (5) the identity of the accused. *State v. Reed, supra*. We do not find that evidence regarding the red bubble gum machine fits into any of the above categories. It does not tend to establish motive, intent, absence of mistake or accident, a common scheme or plan, or identity of the accused. Its only relationship to the present case is that it was found in the building where movant was arrested; thus it was highly prejudicial in that it led the jury to believe that movant was guilty of more burglaries than those for which he was on trial. The

law concerning the admissibility of crimes other than those for which a defendant is on trial is very basic and not obscure. The knowledge of this principle or the acquisition thereof along with actions reasonably taken in accordance with that knowledge are within the expected standard of an attorney defending a person accused of a crime. By failing to object to the admission of testimony concerning evidence of another crime, in particular another burglary, for which movant was not charged defense counsel did not exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances. Movant was prejudiced by this failure to object because it gave the jury the opportunity to assess evidence of a crime for which movant was not on trial and take this evidence into consideration when making a final decision on a verdict concerning the crimes for which he was on trial.

The next two grounds in support of movant's ineffective assistance of counsel claim, which are necessary to address, concern the admittance into evidence of testimony and physical evidence regarding movant's use of illegal drugs, a crime for which he was not on trial. This evidence was adduced through testimony of movant on cross-examination, and by incriminating photographs showing movant using drugs. The admittance of movant's testimony and the incriminating photographs were addressed on direct appeal. *See State v. Kenner*, 648 S.W.2d 552 (Mo.App.1983). Movant's convictions and sentences were affirmed based on the premise that any error that did exist was not preserved for review in absence of a timely objection and

---

**3.** The full text of the conclusions of law put forth by the trial court as a result of an evidentiary hearing on movant's Rule 27.26 motion as follows:

That in accordance with the above Findings of Fact, the Court finds as a matter of law:

1. That movant was not deprived of due process of law by his convictions in Cause Numbers 459209, 459210, and 459211.

2. That Mr. John Deaver, with the assistance of Mr. Claude Hanks, provided movant with competent legal counsel throughout the pendency of the above-styled causes.

3. Movant failed to establish by a preponderance of the evidence that counsel was ineffective or that movant was prejudiced in any way by the conduct of his counsel.

4. Movant's motion 27.26 is hereby denied.

5. Costs assessed against movant.

did not reach the plain error standard. *State v. Kenner, supra,* at 554. In addition, the Honorable Judge Crandall in his concurring opinion stated, "[t]he admission into evidence of appellant's drug usage and State's Exhibits 27 and 28 [photographs showing movant with drug paraphernalia] was clearly improper and constituted prejudicial error. Prejudicial error and plain error, however are not synonymous terms." *State v. Kenner, supra* at 555. As pointed out by respondent, and this court in *Baker v. State,* 680 S.W.2d 278, 280[1] (Mo.App.1984): "When questions are raised and ruled on in a direct appeal from the conviction and sentence, they are not cognizable again in post-conviction proceedings under Rule 27.26(d)." However we find a distinction between the issues ruled on by this court in movant's appeal, and presented in his Rule 27.26 motion. In reviewing the trial court's decision on movant's Rule 27.26 motion we are not determining the propriety of the admittance into evidence of testimony and photographs concerning movants illegal drug usage. We are determining whether defense counsel's failure to timely and properly object to this evidence constitutes ineffective assistance of counsel thereby prejudicing movant. We find that the untimeliness and improper nature of defense counsel's objections to this evidence tending to establish movant as an illicit drug user was highly prejudicial and is grounds for granting movants Rule 27.26 motion.

The trial record shows that on several occasions during cross-examination of movant the prosecuting attorney inquired about movant's illegal drug use. During this testimony two photographs were identified by movant in which he explained to the jury that they depicted him using drugs or being at a place where drugs were being used. No objection by defense counsel was made during this testimony. It was never clearly established through movant's testimony exactly when movant used drugs or if he was using drugs at the time of the burglaries. Moreover Movant's testimony alluded to the fact he was not using drugs at the time of the burglaries. Evidence indicates that the photographs showing movant using drug paraphernalia were taken at the residence where he was arrested. However, it is unclear when the photographs were taken. Reference was also made to the fact that movant's illegal drug use was a violation of his parole. This is another example of the jury becoming aware that movant had been involved in other criminal activity for which he was not on trial. Again, defense counsel did not object during this testimony.

The only objections made by defense counsel were made after the cross-examination of movant was completed. The first objection was to the admittance of the photographs into evidence. This objection was made subsequent to the testimony regarding these photographs. The trial court overruled defense counsel's objection and stated: "Overruled. They have been referred to often so I think the jury may want to look at them." The judge, later in response to another objection by movant's counsel, refused to let the jury view the photograph which depicted movant using a hypodermic needle but let it remain in evidence. The second group of objections regarding the testimony and photographs was made by defense counsel the day after the testimony was given, the photographs had already been admitted into evidence, and the defense had rested. The prosecution's argument for allowing this evidence into the record was that it went toward movant's motive for the burglaries. The only other time this "possible motive" was mentioned was during a police officer's testimony regarding statements made by movant to the police officer. However, movant later denied the allegation that he committed the burglaries in order to buy drugs. Movant's past illegal drug use is irrelevant to the burglary charge. Although it arguably might tend to establish motive, without clear evidence movant was using drugs at the time or more facts connecting the two crimes, it was prejudicial to let any

evidence regarding drug use into the record.

Movant's counsel only objected after the jury had heard a substantial amount of testimony regarding movant's drug usage and movant had identified himself in a photograph in which he was using drugs. Movant's counsel's objections were untimely, as they must be made at the first possible opportunity in order to preserve them for review. *State v. Simmons*, 500 S.W.2d 325, 328[2] (Mo.App.1973). The jury had already heard the incriminating information and were given negative collateral information on which to judge the movant by the time movant's counsel objected. This was clearly unfair to movant. In addition by not preserving anything for review, this court was left with no choice but to affirm movant's conviction because review was only possible in view of plain error and the error did not reach plain error proportions. See *State v. Kenner, supra.*

A trial court is obliged to grant a new trial on a claim of ineffective assistance of counsel only when there is a reasonable possibility that competent counsel could have obtained a different result. *Love v. State*, 670 S.W.2d 499, 504[11] (Mo. banc 1984). A different result could have been obtained if movant's counsel had provided effective counsel. The jury would not have been aware of the collateral incriminating evidence which was so inflammatory as to be prejudicial to movant. In addition issues would have been properly preserved for review allowing movant a more proper review on appeal.

It is clear from the record that movant's counsel failed to perform with the customary skill and diligence that is expected of a reasonably competent attorney under similar circumstances, and by so failing to perform prejudiced movant. We therefore grant the Rule 27.26 motion, thereby vacating movant's conviction and sentences and remand for a new trial.

CRANDALL, P.J., and PUDLOWSKI, J., concur.