Kimbal **MORTON**, Movant-Appellant,

v.

**STATE of Missouri**, Respondent.

No. 14486.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 22, 1986.

Motion for Rehearing or to Transfer
Denied Oct. 6, 1986.

Application to Transfer Denied
Nov. 18, 1986.

T. Patrick Deaton, Public Defender, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

FLANIGAN, Judge.

Movant Kimbal Morton appeals from an order denying, without an evidentiary hearing, his Rule 27.26 V.A.M.R. motion to set aside a judgment and sentence for armed robbery. In the underlying criminal proceeding the trial court, sitting without a jury, found defendant guilty of armed robbery and sentenced him to 18 years' imprisonment. This court affirmed that judgment. *State v. Morton,* 648 S.W.2d 642 (Mo.App.1983).

On his appeal in the robbery case Morton contended that the trial court abused its discretion in denying his motion to withdraw his waiver of his right to trial by jury. On that appeal this court, in rejecting that contention, found that "the record reflects that defendant knowingly and intelligently waived that right and he does not claim otherwise."

In the instant appeal movant asserts that the trial court erred in denying his Rule 27.26 motion without an evidentiary hearing because the motion "contained a sufficient factual basis not conclusively refuted by the record to entitle [movant] to an evidentiary hearing as to whether he was deprived of his constitutional rights to a jury trial, effective assistance of counsel, and due process when he waived his right to a jury trial on the *misadvice* of his first attorney on a charge of robbery in which the only evidence of guilt was eyewitness identification." (Emphasis added.)

"An evidentiary hearing is required if: (1) the 27.26 motion alleges facts, not conclusions, warranting relief; (2) those facts raise matters not refuted by the files and records; and (3) the matter complained of resulted in prejudice to the movant." *Hammond v. State,* 661 S.W.2d 850[1] (Mo. App.1983).

On January 22, 1982, in the robbery case, defendant filed a written "Waiver of Trial by Jury." At that time defendant was represented by attorney Douglas Kays. The trial court held a hearing on that date and extensively interrogated the defendant with respect to the waiver. The court also meticulously instructed him with respect to

the nature of the right he was waiving and the incidents of the waiver. The court made an express finding that the waiver was made voluntarily with a full understanding of the nature and consequences thereof, and the court assented to the waiver.

On April 23, 1982, a hearing was held on defendant's "Motion to Withdraw Waiver." At this hearing defendant was represented by attorney James McNabb. In support of his motion defendant testified that attorney Kays "raised the discussion as to this waiver." Defendant then testified, under direct examination by attorney McNabb, as follows:

"Q. And in what manner did he raise the discussion?

A. He told me that if I'd go to a jury trial, he said that no matter the way I go, you know, the jury is going to find me guilty.

Q. Did he explain anything else to you about a jury trial?

A. That's about it. He said if I get up on the stand, they'll find me guilty. If I don't get on the stand, they'll find me guilty. That's the reason I waived the jury trial.

Q. And so he recommended that you waive jury trial?

A. Yes.

Q. Did he state any other reasons why you should waive jury trial?

A. That's about it right there.

Q. And this discussion occurred prior to entering the waiver?

A. Yes.

Q. And that was the only discussion that occurred concerning the waiver?

A. (Witness nodded head.)

Q. Is that correct?

A. Yes, sir.

.      .      .      .      .

Q. Can you state why you—why you wish to withdraw your waiver of trial by jury?

A. Well, when I had Doug Kays, I was, you know, I didn't really want to do—waive my jury then. But Doug Kays, you know, counseled me into, you know, doing that, going in front—waive my jury and going in front of Judge Crow. He said I have a lot—a sentence, you know, a chance in front of Judge Crow. That's the reason I waived the jury in that matter, and that's the reason me and Kays—ever since I waived my jury, me and Kays, you know, I was worried, you know, worried about that incident when I waived the jury."

On cross-examination by the prosecutor the defendant admitted that he had had prior experience with criminal procedure. In August 1977 he had pleaded guilty, while represented by counsel, to four counts of grand stealing. He admitted that at that time the court explained to him his right to trial by jury. In March 1979 he pleaded guilty to the felonies of burglary in the second degree and stealing. Again defendant was represented by counsel and the court receiving the pleas explained to defendant his right to a jury trial. The court, in the robbery case, then denied defendant's motion to withdraw his waiver.

On May 13, 1982, defendant, now represented by Public Defender Ty Gaither, renewed his motion to withdraw the jury waiver. Under examination by Gaither defendant testified that he waived his right to a jury trial because attorney Kays had told him that "if I go in front of a jury they would find me guilty any way I go. He said I have a chance in front of Judge Crow." The court again denied the motion to withdraw the jury waiver. In so doing, the court said:

"Had there been any showing there was any improper or erroneous or legally incorrect advice given to Mr. Morton by Mr. Kays, the Court would certainly take a different view of the matter. The court views it, however, as simply a tactical decision that was made by the defendant upon proper advice by counsel on January 22, 1982, and a change of mind based upon different advice by different counsel thereafter."

In the instant proceeding defendant initially filed, pro se, a Rule 27.26 motion, the

contents of which were incorporated in a subsequent Rule 27.26 motion prepared by attorney James McNabb who, as previously stated, represented defendant at the April 23, 1982 hearing in the robbery case. The only "mis-advice" set forth in those motions and allegedly emanating from attorney Kays consists of the following: (1) Kays advised movant "that he would enjoy a better chance of gaining acquittal on the underlying charge if he were to waive his constitutional right to a jury trial and submit his cause to a judge for determination"; (2) Kays advised movant "that if movant tried his cause to a jury, movant's past criminal conduct would be placed before the jury."

It will be observed that ground (1) is essentially consistent with the testimony which defendant gave on April 23, 1982, and on May 13, 1982. The trial court, on May 13, 1982, specifically stated that ground (1) did not constitute "improper or erroneous or legally incorrect advice" but was "simply a tactical decision that was made by the defendant upon proper advice." On his appeal in the robbery case, defendant made no challenge to that statement but he seeks to do so here. A proceeding under Rule 27.26 "ordinarily cannot be used ... as a substitute for a second appeal." Rule 27.26(b)(3). See *Nicolosi v. State*, 632 S.W.2d 260, 261[1] (Mo.App. 1981). This court has reviewed the transcript in the robbery proceeding and determines that ground (1), on the instant record, did not constitute "misadvice."

With regard to ground (2), its content does not necessarily constitute "misadvice." If defendant had elected to testify in a jury trial of the robbery case, his past criminal conduct, in the form of his prior convictions, could have been introduced into evidence for impeachment purposes. Even if, however, ground (2) is accorded the charitable construction that it means that attorney Kays told movant that the jury in the robbery case would be informed of his criminal convictions, whether or not he testified, the record of defendant's testimony in the hearing of April 23, 1982,

expressly refutes that such misadvice was given. Defendant's Rule 27.26 motion did not allege facts raising "matters not refuted by the files and record." *Hammond v. State*, supra.

The judgment is affirmed.

PREWITT, P.J., and HOGAN and MAUS, JJ. concur.