(October 24, 1995)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK BROWNE, Appellant. [632 NYS2d 785] —Judgment, Supreme Court, Bronx County (Dominic R. Massaro, J.), rendered April 13, 1993, convicting defendant of criminal sale and possession of a controlled substance in the third degree and sentencing him, as a second felony offender, to concurrent terms of 4$^1$/$_2$ to 9 years imprisonment, unanimously reversed, on the law; order, same court and Judge, entered December 9, 1993, denying defendant's motion to vacate the judgment, unanimously reversed and the motion granted, as a matter of discretion in the interest of justice, and the matter is remanded for new trial.

Defendant was arrested in connection with a drug buy-and-bust operation. His assigned counsel arranged for pre-trial pa-

role to a residential drug treatment program at Daytop Village, but defendant was rejected for refusal to cut his dreadlocks on religious grounds. Counsel was then urged by Justice Massaro to sue Daytop under the Human Rights Law. That action was tried before Justice Massaro by other counsel, and resulted in judgment for Daytop (*Brown v Daytop Vil.*, 161 Misc 2d 248). During the course of that action, certain damaging admissions were made concerning defendant's involvement with controlled substances. When the instant criminal proceeding resumed, Justice Massaro informed defendant, *inter alia*, that he was aware of unspecified matters in defendant's background which might never be revealed to a jury, but which he would not weigh if he were to try the case without a jury. Upon advice of counsel, defendant waived his right to jury trial. Counsel then proceeded to present a defense that was clearly inconsistent with defendant's own testimony during the civil action.

This appeal raises two points: counsel's ineffective representation in failing to review the civil proceedings at which defendant had offered testimony damaging to his criminal defense; and whether defendant's jury waiver was "knowing and intelligent", in light of counsel's unawareness of the Trial Judge's special knowledge. A third point, raised on appeal from denial of the motion to vacate judgment, argues that the Trial Judge should have recused himself from the continuing criminal proceedings, having presided over the civil trial.

Counsel was obligated to apprise himself of what had transpired before Justice Massaro in the civil action. Whether he did so and failed to act accordingly, or did not make that effort, either way his client was ill-served. By his own admission, counsel selected a strategy and presented to the trial court a factual argument which he should have known was at variance with what this Judge already knew about the case. Under these circumstances, the decision to waive a jury trial and proceed with this strategy constituted ineffective assistance of counsel, resulting in prejudice to defendant's right to a fair trial (*cf., People v Hobot*, 84 NY2d 1021, 1024).

While we are constrained to reverse this conviction under the rubric of ineffective representation, we think it unfair to hold counsel entirely responsible. Considering the unusual circumstances preceding the waiver and non-jury trial of this case, the better course would have been for this Judge to have recused himself from presiding at a bench trial. In so saying, we do not for a moment doubt the sincerity of the court in undertaking to remove from consideration the damaging infor-

mation developed during the civil proceeding. However, we think that even with the best of intentions to expedite the business before it and to avoid burdening another colleague with this matter, the court took upon itself a virtually impossible task, resulting in what, at a minimum, must be described as an appearance of impropriety. Concur—Murphy, P. J., Wallach, Ross, Nardelli and Tom, JJ.