■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER RILEY, Appellant. [706 NYS2d 403] —Judgment, Supreme Court, Bronx County (Steven Barrett, J.), rendered January 29, 1997, convicting defendant, after a nonjury trial, of rape in the first degree, and sentencing him to a term of 6 to 18 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. We see no reason to disturb the court's determinations concerning credibility.

Defendant's claim that he was denied effective assistance because his counsel did not request the court to recuse itself would require a CPL 440.10 motion in order to further develop the record as to the surrounding circumstances. We note that counsel attempted to dissuade defendant from waiving a jury trial (*compare, People v Browne*, 220 AD2d 313), but defendant insisted upon proceeding to a nonjury trial before a Justice he now claims should have been recused. To the extent the existing record permits review, we find that defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708, 713-714), and that counsel was not ineffective for failing to make a recusal motion (*People v Otis*, 186 AD2d 828). The court was under no obligation to recuse itself on the grounds of its allegedly acrimonious relationship with defendant and its knowledge of prejudicial information, including defendant's history of courtroom disruptions, since a Judge sitting as trier of fact is presumed capable of considering only proper evidence (*see, People v Moreno*, 70 NY2d 403). For the same reasons, we reject defendant's claim that the court should have recused itself *sua sponte*.

We perceive no abuse of sentencing discretion. Concur— Wallach, J. P., Lerner, Rubin and Buckley, JJ.