**Frank SHIFKOWSKI, Movant–Appellant,**

**v.**

**STATE of Missouri, Respondent–Respondent.**

**No. 25770.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 23, 2004.

S. Dean Price, Springfield, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Leslie E. McNamara, Asst. Atty. Gen., Jefferson City, for respondent.

JEFFREY W. BATES, Judge.

Frank Shifkowski ("Movant") appeals from an order overruling his Rule 29.15 motion for post-conviction relief.[1] Movant contends he is entitled to relief because his appellate counsel on direct appeal provided ineffective assistance by failing to properly preserve and argue two issues relating to inculpatory post-arrest statements Movant made to police. We affirm.

Movant was convicted by a jury of statutory sodomy in the first degree and sentenced to a term of 20 years imprisonment. His conviction was affirmed by this court in *State v. Shifkowski,* 57 S.W.3d 309 (Mo. App.2001). The three issues presented on direct appeal were whether the trial court erred in: (1) excluding a videotaped interview given by the victim; (2) failing to sustain a motion to suppress inculpatory statements Movant made to police because his *Miranda*[2] rights were violated; and (3) failing to suppress these same inculpatory statements because they were made involuntarily as the result of improper police coercion. Only the second and third issues are relevant here. As to the second issue, we determined the point had not been properly preserved, but we exercised our discretion and reviewed for plain error. *Shifkowski,* 57 S.W.3d at 316. After exhaustively considering all of Movant's arguments, we held that "[n]o error appears, plain or otherwise, in the trial court's ruling on Defendant's motion to suppress." *Id.* at 319. As to the third issue, we again reviewed the point *ex gratia* even though it had not been properly preserved. *Id.* at 320. Again, we found the trial court committed no error at all. "This court has

thoroughly reviewed the record and concludes Defendant's claim that his confession was involuntary is without merit. There was ample evidence supporting the denial of Defendant's motion to suppress, and the trial court did not err in so doing." *Id.*

After Movant's conviction was affirmed, he filed an original and an amended motion to vacate, set aside or correct the judgment or sentence in his case pursuant to Rule 29.15. The amended motion was prepared and filed by Movant's present counsel, who did not represent Movant at trial or on direct appeal. Insofar as pertinent here, the amended motion alleged that Movant's former appellate attorney had provided ineffective assistance during Movant's direct appeal. This allegation was based on appellate counsel's failure to properly preserve and argue the two above-described issues concerning Movant's inculpatory statements. After conducting an evidentiary hearing, the motion court denied relief in an order containing the required findings of fact and conclusions of law. *See* Rule 29.15(j). The trial court made the following findings and conclusions concerning Movant's allegations that appellate counsel was ineffective:

> The two remaining issues have to do with alleged ineffectiveness of appellate counsel. Both points have to do with how the issue surrounding the statement given by Movant to the Webb City Police was presented to the Court of Appeals. A review of the direct appeal would reveal that counsel was less than artful in his briefing of the case for the Court of Appeals. However the Court of Appeals ruled on all of the issues despite the fact that counsel made certain errors in drafting. Thus Movant

1. All references to rules are to the Missouri Rules of Criminal Procedure (2004).

2. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

was not prejudiced by [counsel's] failures.

Movant appeals from the order overruling his Rule 29.15 motion for post-conviction relief. Appellate review of this order is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(k); *State v. Madison*, 997 S.W.2d 16, 22 (Mo. banc 1999). The trial court denied relief as to Movant's allegations concerning his appellate counsel because the same issues had already been presented and decided in Movant's direct appeal. Since this finding and conclusion are not clearly erroneous, we must affirm.

■ The trial court's ruling is supported by the holding in *Leisure v. State*, 828 S.W.2d 872 (Mo. banc 1992):

> Issues decided upon direct appeal cannot be relitigated on a theory of ineffective assistance of counsel in a post-conviction proceeding. Leisure asks this Court to reconsider the law as to the cognizability, in the post-conviction proceeding, of issues raised on direct appeal. This Court declines to do so. Issues decided on direct appeal will not be reconsidered.

*Id.* at 874 (citation omitted). Under the *Leisure* rule, Movant is not entitled to relitigate issues that were decided in his direct appeal.

Further analysis would be unnecessary but for the Supreme Court's later ruling in *Deck v. State*, 68 S.W.3d 418 (Mo. banc 2002). There, the Court noted that an unpreserved trial error, reviewed only for plain error, might not meet the "outcome-determinative" standard necessary to grant a new trial. *Id.* at 427. Nevertheless, the same unpreserved error—reviewed in a post-conviction proceeding under the *Strickland* standard for judging ineffective assistance of counsel—would be sufficient "in a small number of cases" to authorize relief because the occurrence of the error undermines the court's confidence in the fairness of the proceeding by creating a reasonable probability the result would have been different.[3] *Id.* at 428. Does *Deck* change the *Leisure* rule since the issues regarding Movant's statements to police were reviewed for plain error in his direct appeal? We answer this question, "No," on the facts presented here.

■ When an appellant seeks review of an unpreserved error on appeal, the point can be decided in several different ways by an appellate court:

1. The court may simply decline to exercise its discretionary authority to review the point for plain error. *See, e.g., State v. Vivone*, 63 S.W.3d 654, 668 (Mo.App.1999).

2. The court may conduct plain error review and conclude that no error occurred at all. *See, e.g., State v. Tilley*, 104 S.W.3d 814, 820 (Mo.App. 2003).

3. The court may conduct plain error review and conclude that an error occurred, but it was harmless and caused no prejudice to the appellant. *See, e.g., State v. Pinkus*, 550 S.W.2d 829, 837 (Mo.App.1977).

4. The court may conduct plain error review and conclude that a prejudi-

---

3. In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court held that an attorney's unprofessional errors would not warrant setting aside a judgment against a criminal defendant unless the defendant suffered prejudice. For prejudice to exist, the defendant bears the burden of showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. 2052.

cial error occurred, but deny relief because the prejudice to appellant does not rise to the level of a manifest injustice or miscarriage of justice. *Cf. State v. Kenner*, 648 S.W.2d 552, 554 (Mo.App.1983) (direct appeal, no plain error found), *with Kenner v. State*, 709 S.W.2d 536, 540 (Mo.App.1986) (relief granted in post-conviction proceeding due to ineffective assistance of counsel).

5. The court may conduct plain error review and grant relief because the error caused a manifest injustice or miscarriage of justice to occur. *See, e.g., State v. Smith*, 33 S.W.3d 648, 655 (Mo.App.2000).

In our view, *Deck* teaches that plain error rulings falling within the fourth category of cases listed above can be relitigated in connection with an ineffective assistance of counsel claim presented in a post-conviction proceeding. This is true even though the plain error point was reviewed and decided on direct appeal. Thus, for this fourth category of plain error case, *Deck* abrogates the *Leisure* rule.

In Movant's direct appeal, however, we reviewed the two issues relating to his inculpatory statements for plain error and concluded that no error of any kind occurred. Therefore, our ruling on the plain error points in Movant's direct appeal falls into the second of the above-listed categories of cases. Does *Deck* abrogate the *Leisure* rule for this type of case?

We find a clear answer to this question in *Ringo v. State*, 120 S.W.3d 743 (Mo. banc 2003). There, Ringo filed a Rule 29.15 motion which alleged, *inter alia*, that trial counsel was ineffective for failing to object to improper jury instructions and to request appropriate supplemental instructions in Ringo's criminal trial. In Ringo's direct appeal, this instruction issue had been reviewed for plain error and denied.

In the subsequent post-conviction proceeding, the motion court denied the instructional error claim without a hearing. The Missouri Supreme Court affirmed the lower court's ruling for the following reason:

The first of these three points, trial counsel's alleged failure to object and request appropriate supplemental jury instruction, was raised for plain error and denied on direct appeal. [Citing in a footnote *State v. Ringo*, 30 S.W.3d 811, 818 (Mo. banc 2000).] Appellant is correct that the denial of a plain error claim on direct appeal is not dispositive of the question whether counsel was ineffective in failing to preserve the issue as to which plain error was not found. [Citing in a footnote *Deck v. State*, 68 S.W.3d 418, 426–27 (Mo. banc 2002).] However, on direct appeal this Court found no error, plain or otherwise, with the trial court's decision to restrict jury instructions to those already given. [Citing in a footnote *Ringo*, 30 S.W.3d at 818.] Defense counsel cannot be found to be ineffective for failing to object to the trial court's response to the jury when the response not to supplement the jury instructions was not in error. This point, having already been determined on direct appeal cannot be raised again in a post-conviction relief motion. [Citing in a footnote *Leisure v. State*, 828 S.W.2d 872, 874 (Mo. banc 1992).]

*Ringo v. State*, 120 S.W.3d 743, 746 (Mo. banc 2003). Therefore, *Leisure* is still controlling in this second category of plain error cases. When, as here, a plain error point was reviewed on direct appeal and the appellate court concluded that no error occurred, the issue cannot be relitigated in a post-conviction proceeding.

The motion court's findings and conclusions are not clearly erroneous. Therefore, we affirm the order overruling Mov-

ant's Rule 29.15 motion. *See* Rule 29.15(k).

PREWITT, J., and SHRUM, J., concur.