**Jeffrey T. ROGERS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 28718.**

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 22, 2008.

Mark A. Grothoff, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jayne T. Woods, Asst. Atty. Gen., Jefferson City, for respondent.

JOHN E. PARRISH, Presiding Judge.

Jeffrey T. Rogers (movant) was convicted by the Circuit Court of Camden County, Missouri, of nine counts of forgery. § 570.090, RSMo 2000. The judgment of conviction was affirmed by written order with attached memorandum stating the basis for that decision as permitted by Rule 84.16(b).

Movant filed a motion for post-conviction relief as permitted by Rule 29.15. Counsel was appointed and an amended motion filed. An evidentiary hearing was held after which findings of fact and conclusions of law and a judgment were entered denying movant's Rule 29.15 motion. This court affirms.

Jody Vinson was an acquaintance of movant. Movant told Vinson that he could make forged documents. He asked her to accompany him when he passed forged checks; that it would not look suspicious if accompanied by a female companion when he did so. Movant had shown Vinson items he had at his apartment that could be used to forge documents.

Ms. Vinson reported what had occurred to the police. She provided an affidavit in support of an application for a search warrant that recited information she had about the items movant had in his apartment and what he had told her. A search warrant was obtained. Items were seized from movant's apartment and admitted in evidence in movant's criminal trial.

Prior to movant's arrest and trial, Jody Vinson had been convicted in the Circuit Court of Morgan County for a "[s]eatbelt [v]iolation." She had also pleaded guilty in the Circuit Court of Jackson County, Missouri, to the offense of forgery.[1] Her affidavit in support of the search warrant did not divulge information about the prior conviction or her prior plea of guilty.

Movant filed a pretrial motion to suppress evidence in his criminal case. It alleged that "[p]robable cause did not exist at the time the search warrant was issued"; that there was "neither any mention in the application for a search warrant that the officer [who applied for the search warrant] corroborated any of the evidence provided by the informant, nor [was] there a statement that the informant [was] reliable." The motion was denied.

---

1. Vinson told movant about "having a forgery charge" on an occasion when she had visited his apartment.

■ Movant's first point on appeal contends the motion court erred in denying his Rule 29.15 motion because he received ineffective assistance of counsel in that his trial attorney did not "object to, and seek corrective action for, the state's failure to disclose Jody Vinson's prior conviction for forgery." Movant argues that had his trial counsel objected, there is a reasonable probability that the trial court would have changed its ruling on movant's pretrial motion to suppress or ordered a mistrial, and that the outcome of movant's criminal trial would have been different.

The motion court's findings of fact and conclusions of law directed to movant's Rule 29.15 motion include:

. . .

5. On May 17, 2006, Movant, through counsel, filed his amended motion under Rule 29.15, claiming:

(a) Trial counsel failed to file a Rule 25.03 motion requesting complete discovery, particularly subject to Rule 25.03(A)(7).

(b) Trial counsel failed to object, as discovery violation, the failure of the State of [sic] disclose the entire criminal history of Judy [sic] Vinson.

. . .

7. The State complied with Rule 25.03 by providing the Movant with disclosure.... The Rule requires the State to provide information regarding "convictions" and Jody Vinson did not have a forgery "conviction". Jody Vinson received a suspended imposition of sentence (SIS) which is not a conviction (See Trial Transcript). These Claims [sic] fail.

The motion court decided the question presented in Point I based on (1) the precise language of Rule 25.03(A)(7), *viz*, that "prior criminal convictions of persons the state intends to call as witnesses" are what must be disclosed, and (2) that a suspended imposition of sentence is not deemed a conviction in Missouri, *see Yale v. City of Independence*, 846 S.W.2d 193, 194 (Mo. banc 1993)("It is well-settled that a suspended imposition of sentence is not a final judgment."). On that basis, the motion court's determination that the state complied with requirements of Rule 25.03(A)(7) in that "Jody Vinson did not have a forgery 'conviction' " is correct.

Movant's complaint in Point I, however, is founded on changes regarding the impact a suspended imposition of sentence now has. "The suspended imposition of sentence ... does not have quite the same practical effect as when it was originated. Now, collateral consequences routinely follow guilty pleas." *State ex rel. Kauble v. Hartenbach*, 216 S.W.3d 158, 161 (Mo.banc 2007). This change occurred by reason of a 1981 change to § 491.050. "[P]rior to the enactment of the revised 1981 statute, a witness, for the purpose of § 491.050, RSMo (1978), could not be impeached with a conviction where the imposition of a sentence was suspended." *State v. Ballard*, 657 S.W.2d 302, 309 (Mo.App.1983). The 1981 change to the statute broadened the effect of a plea of guilty so that it may now be used as a basis to impeach a witness' credibility. *Id.* at 310. Movant argues that because of the 1981 change to § 491.050, which remains a part of the current version of that statute, the state should have disclosed that Vinson had pleaded guilty to forgery notwithstanding that she was not sentenced for that offense; that she received a suspended imposition of sentence. Movant claims his trial counsel was ineffective in not seeking sanctions or other relief at the trial of his criminal case when Vinson's plea of guilty was made known.

Movant asserted as a claim of error in his direct appeal that the trial court's denial of his pretrial motion to suppress evidence and the admission of evidence seized from his apartment was error because Jody Vinson's affidavit did not disclose that she had a prior "conviction" for forgery.[2] Movant sought plain error review. This court declined to exercise its discretionary authority to review the claim for plain error. Movant now seeks review of the same issue as a basis for his claim that he received ineffective assistance of counsel.

*Leisure v. State,* 828 S.W.2d 872, 874 (Mo.banc 1992), held that issues that were raised or could have been raised on direct appeal were not cognizable in post-conviction proceedings directed to claims of ineffective assistance of counsel. However, a more recent case, *Deck v. State,* 68 S.W.3d 418 (Mo.banc 2002), held that in some instances, issues that were asserted as claims of plain error in direct appeals may be litigated as claims of ineffective assistance of counsel in proceedings for post-conviction relief.

*Deck* held that because the standards of review differ with respect to plain error claims in direct appeals and claims of ineffective assistance of counsel in post-conviction proceedings, there were instances when it would be appropriate to consider matters in post-conviction proceedings that had been raised previously in direct appeals. *Deck* explained:

On direct appeal, the issue is whether the trial court erred in its rulings at trial. Appellate review of preserved error is "for prejudice, not mere error, and [it] will reverse only if the error is so prejudicial that it deprived the defen-

dant of a fair trial." *State v. Tokar,* 918 S.W.2d 753, 761 (Mo.banc 1996). If no objection was made or the error was otherwise not preserved, then the trial court cannot normally be accused of error in its rulings, much less prejudicial error. In order to serve the need for accuracy in the outcome of a trial, appellate courts have the discretion to nonetheless review for plain error if manifest injustice would otherwise result. Rule 30.20; *State v. Johnson,* 968 S.W.2d 123, 127 (Mo.banc 1998). But, both of these standards presuppose "that all the essential elements of a presumptively accurate and fair proceeding were present in the proceeding whose result is challenged." *Strickland [v. Washington],* 466 U.S. [668] at 694, 104 S.Ct. 2052 [80 L.Ed.2d 674 (1984) ].

By contrast, when a post-conviction motion is filed alleging ineffective assistance of counsel, defendant is asserting "the absence of one of the crucial assurances that the result of the proceeding is reliable, so finality concerns are somewhat weaker and the appropriate standard of prejudice should be somewhat lower." *Id.* The ultimate determination thus, is not the propriety of the trial court's actions with regard to an alleged error, but whether defendant has suffered a genuine deprivation of his right to effective assistance of counsel, such that this Court's confidence in the fairness of the proceeding is undermined. *Cf. Wilson v. State,* 813 S.W.2d 833, 834 (Mo.banc 1991); *Walker v. State,* 698 S.W.2d 871, 875 (Mo.App. W.D.1985).

*Deck,* 68 S.W.3d at 427–28.

As this court observed in *Shifkowski v. State,* 136 S.W.3d 588, 590 (Mo.App.2004),

---

**2.** This court observed in the memorandum it provided in support of the order that affirmed movant's conviction that Vinson's testimony was that "she had pleaded guilty to a felony,

the offense of forgery, in Jackson County, Missouri, before moving to the place where she resided at the time of trial."

"[In *Deck* ], the Court noted that an unpreserved trial error, reviewed only for plain error, might not meet the 'outcome-determinative' standard necessary to grant a new trial"; but "the same unpreserved error—reviewed in a post-conviction proceeding under the *Strickland* standard for judging ineffective assistance of counsel— would be sufficient 'in a small number of cases' to authorize relief because the occurrence of the error undermines the court's confidence in the fairness of the proceeding by creating a reasonable probability the result would have been different."

■ In movant's direct appeal, he claimed the trial court erred in denying his motion to suppress evidence and in admitting evidence that was seized from his apartment because "the affidavit and application for search warrant omitted the material fact of [the affiant's] prior conviction for forgery, with reckless disregard for the truth, which materially misled the reviewing authority and created a substantial possibility that their omission altered the probable cause determination." This court found that the issue had not been preserved for appellate review. It concluded that movant's claim did not raise a substantial ground for finding plain error and declined to review the claim for plain error.[3]

Movant is entitled to a determination in this case of whether there is a reasonable probability that the result in movant's criminal case would have been different had his trial counsel objected to the evidence seized on the basis that Ms. Vinson's guilty plea and suspended imposition of

punishment in the Jackson County case were not disclosed in the application for search warrant.

In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show (1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) that he was thereby prejudiced. *Strickland [v. Washington]*, 466 U.S. [668] at 687, 104 S.Ct. [2052] at 2064 [80 L.Ed.2d 674 (1984) ]; *Seales [v. State]*, 580 S.W.2d [733] at 736 [ (Mo.banc 1979) ]. A criminal defendant must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim. In reviewing such a claim, courts are not required to consider both prongs; if a defendant fails to satisfy one prong, the court need not consider the other. And, a court need not determine the performance component before examining for prejudice. If it is easier to dispose of the claim on the ground of lack of sufficient prejudice, the reviewing court is free to do so. *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069 (emphasis added).

*Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987).

Jody Vinson testified in movant's criminal trial, on direct examination by the state, that she pleaded guilty to forgery in the Circuit Court of Jackson County and was placed on probation. Albeit that this may have surprised movant's trial counsel, movant has provided this court with nothing but speculation that his trial counsel would have dealt with Vinson's revelation

---

**3.** "[U]nless a claim of plain error facially establishes substantial grounds for believing that 'manifest injustice or miscarriage of justice has resulted,' [an appellate court] will decline to exercise its discretion to review for plain error under Rule 30.20." *State v. Rob-* *erts*, 948 S.W.2d 577, 592 (Mo.banc 1997), *cert. denied*, 522 U.S. 1056, 118 S.Ct. 711, 139 L.Ed.2d 652 (1998), *quoting State v. Brown*, 902 S.W.2d 278, 284 (Mo.banc), *cert. denied*, 516 U.S. 1031, 116 S.Ct. 679, 133 L.Ed.2d 527 (1995).

any differently had he known of it in advance of trial. Arguably, movant has not shown that he was prejudiced by his trial counsel not having posed objections or not having sought other relief regarding Vinson's testimony upon learning that she had previously pleaded guilty to a felony offense.

■ Regardless, had movant's attorney objected to the state's failure to disclose Jody Vinson's prior plea of guilty to forgery, it would have been a meaningless act in that it would be error for a trial court to sustain such an objection. Whether the issuance of a search warrant was proper—whether probable cause existed that evidence of a crime was at the location sought to be searched—is determined by review of the totality of the circumstances of the case. *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *U.S. v. Phillips*, 727 F.2d 392, 395 (5th Cir.1984). Determination of whether a search warrant is proper is a practical, common-sense decision that is based on "whether, given all the circumstances set forth in the affidavit [before the court], including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates, supra.*

■ Movant's complaint in Point I is directed to the veracity aspect of the information provided by Ms. Vinson. That information was given in the form of a sworn affidavit attached to the application for the search warrant that was ultimately issued. Where information on which the issuance of a search warrant is based is provided by sworn affidavit, the affiant runs the risk of a perjury prosecution if the sworn statement is false. In those circumstances "it may be fairly concluded that the information given by the informant under oath is

reliable." *State v. Weide*, 812 S.W.2d 866, 871 (Mo.App.1991). *See also, U.S. v. Phillips, supra.* A challenge as suggested in Point I would not have been successful. "Trial counsel is not ineffective for failing to do a meaningless act." *Harp v. State*, 209 S.W.3d 560, 564 (Mo.App.2007). Point I is denied.

Movant's second point contends the motion court erred in failing to enter specific findings and conclusions with respect to each allegation he raised in his post-conviction motion. He claims the motion court did not address "Claim (b)1" of his Rule 29.15 motion. "Claim (b)1" is directed to the underlying issue to which Point I was directed, that "the State (the law enforcement officer making application for a search warrant of movant's residence) failed to provide corroborating information of facts provided by the informant, state facts displaying the informant's reliability, and failed to disclose the fact that the informant had a prior felony conviction for forgery." Point II is moot. The judgment is affirmed.

BATES and SCOTT, JJ., concur.