

# Missouri Court of Appeals
## Southern District

### In Division

JORDAN C. HADEN,                    )
                                    )
    Movant-Appellant,           )
                                    )
v.                                  )        No. SD38441
                                    )
                                    )        Filed: **May 23, 2025**
STATE OF MISSOURI,                  )
                                    )
    Respondent-Respondent.      )

### APPEAL FROM THE CIRCUIT COURT OF WRIGHT COUNTY

Honorable Elizabeth A. Bock, Judge

**<u>AFFIRMED</u>**

Jordan C. Haden ("Movant") appeals the trial court's denial of his amended Rule 29.15 motion seeking to vacate his convictions and sentences for one count of the class B felony of second-degree assault under §565.052.3, and one count of the class E felony of resisting arrest under §575.150.[1]  Movant alleges that both his trial counsel and appellate counsel ("Trial Counsel" and "Appellate Counsel") were ineffective for failing to properly litigate Movant's persistent misdemeanor offender status.  Finding no error, we affirm.

---

[1] Unless otherwise noted, all rule references are to the Missouri Supreme Court Rules (2021) and all statutory references are to RSMo 2016.

1

**Factual Background and Procedural History**

Following a jury trial, Movant was convicted of resisting arrest and assault in the second degree. These convictions stemmed from an incident in which Movant, who had been stopped on suspicion of drunk driving, assaulted a police officer and broke his jaw. Movant was found to be a persistent misdemeanor offender because of four prior convictions: (1) a February 2012 North Dakota conviction for driving while under the influence ("DWI"); (2) a 2012 North Dakota conviction for driving with a suspended license ("DWLS"); (3) a 2015 Arkansas conviction for DWLS; and (4) a 2018 Arkansas conviction for DWLS. Because of his persistent offender status, Movant was not eligible for jury sentencing and the trial court sentenced him to fifteen years for assault and four years for resisting arrest.

Movant appealed, alleging the trial court erred in determining that he was a persistent misdemeanor offender because his 2012 and 2015 DWSL convictions did not qualify as A or B misdemeanors under Missouri law because they were first offenses, and the 2018 Arkansas DWSL conviction could not be considered because it occurred after the date of the charged offense. Under plain error review, this Court affirmed the trial court's judgment in *State v. Haden*, 648 S.W.3d 148 (Mo. App. S.D. 2022).

On direct appeal, Movant did not challenge the trial court's determination that his February 2012 North Dakota conviction for DWI qualified as an illegal act under Missouri law. *Haden*, 648 S.W.3d at 157. This Court reasoned that, due to Movant's separate August 2012 DWLS conviction in North Dakota, Movant's subsequent 2015 Arkansas conviction constituted an A or B misdemeanor because it qualified as a second violation of Missouri's driving while revoked statute for purposes of the persistent misdemeanor statute. *Haden¸* 648 S.W.3d at 157. Because Movant had "been found guilty of two or more offenses, committed at different times

2

that are classified as A or B misdemeanors under the laws of Missouri" (the February 2012 North Dakota DWI conviction and the 2015 Arkansas DWLS conviction) the trial court did not err, plainly or otherwise, in finding that Movant was a persistent misdemeanor offender. *Id.* Movant timely filed a Motion to Vacate, Set Aside or Correct the Judgment or Sentence under Rule 29.15, alleging, in part, that Movant's Trial and Appellate Counsel failed to properly litigate Movant's persistent misdemeanor status.

A hearing on Movant's motion was held on August 2, 2023, where Post-Conviction Counsel attempted to ask Trial Counsel about Movant's prior convictions:

> [Post-Conviction Counsel:] [T]here has to be two of them . . . . And they have to be A or B . . . misdemeanors.
>
> [Trial Counsel:] Yes.
>
> [Post-Conviction Counsel:] State's Exhibit 1, which is Exhibit 6, is that a prior out of North Dakota?
>
> [Trial Counsel:] Yes.
>
> [Post-Conviction Counsel:] And is that for driving or an actual physical control of a motor vehicle?
>
> [Trial Counsel:] Yes.
>
> [Post-Conviction Counsel:] So that's similar to section 577.010, which is driving while intoxicated in Missouri, right?
>
> [Trial Counsel:] Yes.
>
> [Post-Conviction Counsel:] However, North Dakota also includes having physical control . . . . Is [physical control] required for Missouri?
>
> [Trial Counsel:] [N]ot under the statute, no.
>
> [Post-Conviction Counsel:] [Movant] has been found guilty of something that was not illegal in Missouri?

3

The State objected, arguing that Post-Conviction Counsel's attempt to impeach Trial Counsel under the authority of **State v. Shepherd**, 643 S.W.3d 346 (Mo. banc 2022), was improper because such opinion was not issued until after Movant's trial. The State asserted that "it's [not] fair to impeach her on a case that wasn't in existence," and the motion court sustained the objection.

Post-Conviction Counsel was permitted to ask if Trial Counsel should have looked more closely at the priors before the jury trial to keep Movant's right to jury sentencing, which Movant wanted. While Post-Conviction Counsel elicited testimony that North Dakota's DWI statute could also include physical control of a vehicle in addition to driving, no evidence was presented concerning the factual circumstances of Movant's February 2012 North Dakota DWI conviction.

Post-Conviction Counsel also questioned Appellate Counsel. Post-Conviction Counsel elicited testimony that, because Trial Counsel failed to object that the State did not prove sufficient priors, Appellate Counsel had a higher burden to prove error on appeal. Appellate Counsel stated that there was no strategy for failing to argue that the Arkansas 2015 DWLS conviction was not a proper prior because it was not a second offense. Post-Conviction Counsel introduced Exhibit 6, Movant's 2012 North Dakota DWI conviction, and elicited testimony from Appellate Counsel that the statute was similar to Missouri's driving while intoxicated statute. The following exchange occurred:

> [Post-Conviction Counsel:] North Dakota['s] statute mentions actual or physical control?]
>
> [Appellate Counsel:] Yes.
>
> [Post-Conviction Counsel:] That is not required in Missouri . . . Missouri requires physical driving or operating?
>
> [Appellate Counsel:] Yes.

4

[Post-Conviction Counsel:] Does anything in Exhibit 6 allow for a determination if [Movant] was physically driving or just in physical control of the vehicle?

[Appellate Counsel:] No.

. . . .

[Post-Conviction Counsel:] Did the State show anything to prove that Exhibit 6, [that prior], was illegal in Missouri?

[Appellate Counsel:] No.

[Post-Conviction Counsel:] What was your appellate strategy in not attacking Exhibit 6 as improper?

[Appellate Counsel:] [A]t the time, I looked at the . . . prior conviction and didn't feel that there was a basis to raise it at the time I filed the brief.

Appellate Counsel stated that he did not file a motion for the appellate court to consider *Shepherd*, handed down sixteen days after the Respondent's brief was filed, because he was unaware of *Shepherd* at the time.

The motion court denied Movant's requests for relief. It determined that: (1) the Appellate Court had previously found there was sufficient evidence supporting that Movant was a persistent misdemeanor offender; (2) neither Trial Counsel nor Appellate Counsel could have anticipated a change in law and, therefore, failing to make an objection or argument in the brief about Movant's misdemeanor status was not ineffective; and (3) Appellate Counsel was not ineffective for failing to file a supplemental reply brief after *Shepherd* was decided. This appeal followed.

**Analysis**

Both of Movant's points allege that it was error for the motion court to deny Movant's claim that Trial and Appellate Counsel were ineffective for failing to properly litigate Movant's persistent misdemeanor offender status, the same issue Movant raised on direct appeal.

5

Although ***Leisure v. State***, 828 S.W.2d 872, 874 (Mo. banc 1992) held that issues raised on direct appeal were not cognizable in post-conviction proceedings directed to claims of ineffective assistance of counsel, "***Deck v. State***, 68 S.W.3d 418 (Mo. banc 2002) held that in some instances, issues that were asserted as claims of plain error in direct appeals may be litigated as claims of ineffective assistance of counsel in proceedings for post-conviction relief." ***Rogers v. State***, 265 S.W.3d 853, 856 (Mo. App. S.D. 2008).

> [A]n unpreserved trial error, reviewed only for plain error, might not meet the 'outcome-determinative' standard necessary to grant a new trial; but the same unpreserved error – reviewed in a post-conviction proceeding under the ***Strickland*** standard for judging ineffective assistance of counsel – would be sufficient 'in a small number of cases' to authorize relief because the occurrence of the error undermines the court's confidence in the fairness of the proceeding by creating a reasonable probability the result would have been different.

***Id.*** at 857 (internal citations omitted).

On direct appeal, Movant conceded the issue that he now challenges: that his 2012 North Dakota DWI conviction would be classified as an A or B misdemeanor under Missouri law. ***Haden***, 648 S.W.3d at 157. Around a year and a half after Movant's trial, and seven days after the close of the briefing schedule in Movant's direct appeal, the Supreme Court of Missouri handed down its opinion in ***Shepherd***. Movant relies on both ***Shepherd*** and ***State v. Nowicki***, 682 S.W.3d 410 (Mo. banc 2024), which was handed down over three years after Movant's trial, to support his post-conviction argument. Movant asserts that, in light of ***Shepherd*** and ***Nowicki***, his attorneys should have argued that his 2012 North Dakota DWI conviction did not constitute sufficient proof of a qualifying prior misdemeanor to find that Movant was a persistent misdemeanor offender.[2]

---

[2] This Court is cognizant that, in reviewing claims of ineffective assistance of counsel, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's performance at the time." ***McFadden v. State***, 553 S.W.3d 289, 311 (Mo. banc 2018) (quoting ***Strickland v.***

6

The State argues that Movant is barred from relitigating his status as a persistent misdemeanor offender in his post-conviction proceeding because the matter was already litigated on direct appeal. We agree.

In Movant's direct appeal, he claimed the trial court erred in determining that Movant was a persistent misdemeanor offender, and removing sentencing from the jury, because "only one of the four alleged misdemeanor convictions from North Dakota and Arkansas was a qualifying prior finding of guilt and status as a persistent misdemeanor offender requires at least two qualifying prior findings of guilt." *Haden*, 648 S.W.3d at 155-56. This Court found that the issue was not properly preserved for appellate review, determined that there was no plain error, and ruled against Movant's claim. *See id.*

In *Shifkowski v. State*, 136 S.W.3d 588, 591 (Mo. App. S.D. 2004), the movant appealed an order overruling his Rule 29.15 motion for post-conviction relief, arguing his appellate counsel on direct appeal was ineffective "by failing to properly preserve and argue two issues relating to inculpatory post-arrest statements" made by the movant to police. 136 S.W.3d at 589. The movant raised the same issues in his direct appeal, where this Court, determining the points had not been properly preserved, reviewed each for plain error and found none. *Id.* This Court held that where "a plain error point was reviewed on direct appeal and the appellate court concluded that no error occurred, the issue cannot be relitigated in a post-conviction proceeding." *Id.* at 591.

This Court exercised its discretion and reviewed Movant's direct appeal for plain error and found none, stating "the trial court did not err, let alone plainly err, in finding beyond a

---

*Washington*, 466 U.S. 668, 689. 104 S. Ct. 2052 (1984)). At the time of Movant's trial and when his brief was filed, the law in place had not been addressed by *Shepherd*. We should not punish attorneys for failing to predict the future, and must instead evaluate counsel's performance in light of the law in place at the time of the trial and appeal. *See Collings v. State*, 543 S.W.3d 1, 12 (Mo. banc 2018).

reasonable doubt that Movant was a persistent misdemeanor offender under section 558.016.5."

*Haden*, 648 S.W.3d at 157. Although there are limited circumstances in which a movant's post-conviction claim can be relitigated on direct appeal, *see **Deck***, 68 S.W.3d 418, those circumstances do not apply here. Because Movant's plain error point was reviewed on direct appeal and this Court found that no error occurred, Movant is barred from relitigating the same issue in a post-conviction proceeding. ***Shifkowski***, 136 S.W.3d at 591.[3]

## Conclusion

The judgment of the motion court is affirmed.


MATTHEW P. HAMNER, J. – OPINION AUTHOR

JACK A. L. GOODMAN, J. – CONCURS

BECKY J. WEST, J. – CONCURS

---

[3] Implicit in Movant's post-conviction argument is the assertion that while the issue is the same (the propriety of his status as a persistent misdemeanor offender,) he should not be barred from asserting a new *argument* in his motion for post-conviction relief. To adopt such a position would be to essentially invalidate the prohibition discussed in ***Shifkowski***. There is almost always another argument that can be raised, and for the restriction in ***Shifkowski*** to mean anything it must apply to issues litigated on direct appeal, and not just to arguments raised as to those issues.